UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF C.E.I., INC. d/b/a COMMERCIAL ELECTRIC, INC. Plaintiff | : | |
| Vs. | : | C.A. NO.: 04-263T |
| R.W. GRANGER & SONS, INC. and ST. PAUL FIRE AND MARINE INSURANCE COMPANY Defendants | : | |

**MOTION TO STAY PENDING ARBITRATION**

Defendants, R.W. Granger & Sons, Inc. and St. Paul Fire and Marine Insurance Company move to stay the instant action pending arbitration pursuant to R.I. Gen. Laws § 10-3-3.

The grounds for the instant action are set forth in the accompanying Memorandum of Law.

Defendants, R.W. Granger & Sons, Inc. and St. Paul Fire and Marine Insurance Company

By their Attorneys,

W. Mark Russo #3937
**FERRUCCI RUSSO P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778

5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail upon the following on this 9th day of September, 2004:

Charles S. Kirwan, Esq.
Charles S. Kirwan & Associates
36 Park Place
Pawtucket, RI 02860

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>FOR THE USE AND BENEFIT OF<br>C.E.I., INC. d/b/a COMMERCIAL<br>ELECTRIC, INC.<br>Plaintiff | : | |
| Vs. | : | C.A. NO.: 04-263T |
| R.W. GRANGER & SONS, INC. and<br>ST. PAUL FIRE AND MARINE<br>INSURANCE COMPANY<br>Defendants | : | |

**DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STAY PENDING ARBITRATION**

Defendants, R.W. Granger & Sons, Inc. ("R.W. Granger") and St. Paul Fire and Marine Insurance Company submit this Memorandum of Law in Support of their Motion to Stay this action pending arbitration.

**ARGUMENT**

The grounds for the Motion to Stay arise from the fact that the issues that are subject to dispute in the instant action are referable to arbitration pursuant to the contract by and between R.W. Granger and Plaintiff, C.E.I., Inc. d/b/a Commercial Electric, Inc. ("Commercial Electric").

In accord therewith, Rhode Island law requires that the action be stayed pending arbitration. R.I. Gen. Laws § 10-3-3 provides as follows:

> Stay of actions on issues referable to arbitration -- If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the suit is pending, upon being satisfied that the issue involved in the suit or proceeding is referable to arbitration under such an agreement, shall, on application of one of the parties, stay the trial of the action until the arbitration has been had in accordance with the

> terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.

R.W. Granger is not in default of any arbitration proceedings and in fact, Commercial Electric is attempting to enforce arbitration that is at variance with the relevant contract. *See* Exhibit A attached hereto.

For these reasons, the action should be stayed pending possible reference to arbitration pursuant to the Rhode Island Arbitration Act, R.I. Gen. Laws §§ 10-3-1 *et seq.*

Defendants, R.W. Granger & Sons, Inc. and St. Paul Fire and Marine Insurance Company

By their Attorneys,

W. Mark Russo #3937
**FERRUCCI RUSSO P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within was served via first-class, postage prepaid mail upon the following on this 9th day of September, 2004:

Charles S. Kirwan, Esq.
Charles S. Kirwan & Associates
36 Park Place
Pawtucket, RI 02860

**CHARLES S. KIRWAN & ASSOCIATES**
**ATTORNEYS AT LAW**
**36 PARK PLACE**
**PAWTUCKET, RHODE ISLAND 02860**

CHARLES S. KIRWAN
Admitted RI, MA, NJ, DC

Tel (401) 722-2500
Fax (401) 727-1256
e-mail kirwanlaw@gis.net

KATHERINE R. PARSONS
Admitted RI, MA

September 7, 2004

VIA TELECOPIER (455-7778)

Mark Russo, Esquire
FERRUCCI & RUSSO P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Re: U.S. ex rel Commercial Electric, Inc. v. Granger & Son, Inc., et al,
C.A. No. 04-263T

STIPULATION & DEMAND FOR ARBITRATION

Dear Attorney Russo:

Today, I received your request for another stipulation in the above-captioned action. My client is disinclined to authorize me to sign on for further delay.

At this time, I request your client's execution of the attached Arbitration Agreement that I first provided to you on August 9.

As previously explained, while the parties' subcontract requires resort to arbitration via the American Arbitration Association (AAA), we continue to strongly disfavor paying expensive filing fees to the AAA. Here, the filing fees would amount to $8,500. Accordingly, kindly please:

1. Confirm that you intend to have your client promptly execute the attached Arbitration Agreement on or before September 10;

or

2. Edit and mark up the attached Arbitration Agreement for my immediate revision and prompt execution by your client on or before September 10;

or

3. Indicate your client's unwillingness to act before September 10 to avoid the $8,500 AAA filing fee that my client will submit next week to commence AAA arbitration to prevent further delay.

EXHIBIT
tabbies
A

Mark Russo, Esquire
FERRUCCI & RUSSO P.C.
September 7, 2004
Page Two

Commercial Electric also wants an update concerning the overdue, undisputed $140,714. balance on the agreed base contract as adjusted by written change orders. We note that RIANG paid Granger on August 24 and that Commercial Electric's most recent progress payment is overdue. We also note that based upon the previous progress payment made to RIANG earlier this summer, Granger is in default of its progress payment flow down payments to Commercial Electric in an amount not less than $35,000 for RIANG progress payments made to Granger prior to August. This may raise questions about Granger's federal payment certifications. It is essential that Granger make prompt payment of the overdue, undisputed $140,714. balance on the agreed base contract as adjusted by written change orders.

Thank you for your anticipated direct response to these inquiries.

Please call me directly at 722-2515. Thank you.

Very truly yours,

Charles S. Kirwan
Counsel to CEI

Attachment

cc: CEI

## ARBITRATION AGREEMENT

This Arbitration Agreement ("Agreement") is entered into as of the _____ day of August 2004, in agreement to submit to arbitration the dispute, described more fully herein, between Commercial Electric, Inc. ("CEI") and R.W. Granger & Sons, Inc. ("Granger").

WHEREAS, the parties came to dispute various matters related to their contracting course of dealings arising out of and relating to the Rhode Island Air National Guard C130J construction project and CEI's subcontract for completion of the specified scope of work pertaining to electrical systems and equipment;

WHEREAS, the parties' respective claims and defenses require resolution by final binding arbitration and warrant a timely and economical manner for completion of the arbitration process;

WHERE, the parties' respective claims and defenses are the subject of litigation in a federal Miller Act bond claim action now pending in the United States District Court for the District of Rhode Island and captioned as U.S. ex rel Commercial Electric, Inc. v. Granger & Sons, Inc. and St. Paul Fire and Marine Insurance Co., C.A No. 04-263T ("the Pending Litigation");

WHEREAS, the parties hereby agree to submit to final binding arbitration each of their respective claims and defenses arising out of or related to their disputes arising out of and relating to the Rhode Island Air National Guard C130J construction project;

NOW, THEREFORE, in consideration of the mutual promises contained herein, and intending to be legally bound, it is AGREED as follows:

1. It is understood and agreed that, by entering into this Agreement, the parties shall endeavor to agree upon a single mutually acceptable arbitrator who shall have all powers assigned to arbitrators by R.I.G.L. § 37-16-11.

2. Should the parties be unable to select a single mutually acceptable arbitrator on or before August 30, 2004, then the parties shall petition the Presiding Justice of the Rhode Island Superior Court for appointment of a single arbitrator as provided by R.I.G.L. § 37-16-2.

3. The selected or appointed arbitrator shall hear and decide all of the parties' respective claims and defenses arising out of or related to their disputes relating to the Rhode Island Air National Guard C130J construction project and shall provide a written explanation of the reasoning for the award.

4. The selected or appointed arbitrator shall be and is hereby further empowered to tax the arbitrator's fees in favor of the party prevailing in the arbitration and to award prejudgment interest on any award in favor of the prevailing party.

5. The selected or appointed arbitrator shall cause all hearings to be completed and the final decision to be rendered and delivered to the parties not later than sixty (60) days after the first day of hearings conducted in the arbitration.

6. Nothing herein is intended to limit, delay or bar the Federal Court in the Pending Litigation from adjudicating CEI's request for declaratory relief as stated in Count V of the Amended Complaint for a declaratory judgment.

7. Apart from proceeding with the litigation of Count V of the Amended Complaint, the parties agree to enter into a mutually agreeable stipulation to stay any other litigation activity in the Pending Litigation.

8. This Agreement shall be executed as two (2) duplicate originals, consists of two (2) pages, and sets forth the entire agreement of the parties concerning arbitration, and fully supersedes any and all prior agreements or understandings between them pertaining to the resolution of their disputes pursuant to final binding arbitration. Upon final execution, CEI and GRANGER shall each be provided one fully executed original Agreement.

IN WITNESS WHEREOF, and intending to be legally bound hereby, each party now executes the foregoing Arbitration Agreement.

Commercial Electric, Inc.

By:______________________________

Its:______________________________

Sworn to and subscribed before me this ____ day of August, 2004.

Notary:______________________________

My commission expires:______________________

R.W. Granger & Sons, Inc.

By:______________________________

Its:______________________________

Sworn to and subscribed before me this ____ day of August, 2004.

Notary:______________________________

My commission expires:______________________