**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF C.E.I., INC., d/b/a COMMERCIAL ELECTRIC, INC.,** | : | |
| **Plaintiff** | : | |
| **vs.** | : | **C.A. NO.: 04-263T** |
| **R.W. GRANGER & SONS, INC.; and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,** | : | |
| **Defendants** | : | |

**R.W. GRANGER & SONS, INC.'S MOTION FOR LEAVE TO DETERMINE WHETHER CERTAIN ISSUES ARE SUBJECT TO ARBITRATION PURSUANT TO R.I. GEN. LAWS §10-3-5**

NOW COMES defendant R.W. Granger & Sons, Inc. ("Granger"), by and through counsel, and hereby moves this Court for leave for the limited purpose of this Court considering, and determining, whether certain of the claims advanced by plaintiff C.E.I., Inc., d/b/a Commercial Electric, Inc. ("CEI"), *to wit*, claims related to home office overhead, extra equipment costs, and lost profits, may be arbitrated and/or are subject to arbitration under the parties' subcontract, pursuant to R.I. Gen. Laws §10-3-5.

In support of the within motion, Granger submits the accompanying memorandum.

R.W. Granger & Sons, Inc.

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778

Dated: December 13, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within was served via facsimile and via first-class, postage prepaid mail upon the following on this 13th day of December, 2005:

**Charles S. Kirwan, Esq.**
Charles S. Kirwan & Associates
204 King Phillip Street
Providence, RI 02909-5751

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF C.E.I., INC., d/b/a COMMERCIAL ELECTRIC, INC.,** | : | |
| **Plaintiff** | : | |
| **vs.** | : | **C.A. NO.: 04-263T** |
| **R.W. GRANGER & SONS, INC.; and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,** | : | |
| **Defendants** | : | |

**R.W. GRANGER & SONS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTIONS TO DETERMINE WHETHER CERTAIN ISSUES ARE SUBJECT TO ARBITRATION AND TO STAY ARBITRATION PENDING DETERMINATION AS TO WHETHER CERTAIN ISSUES ARE SUBJECT ARBITRATION**

NOW COMES defendant R.W. Granger & Sons, Inc. ("Granger"), by and through counsel, and hereby submits the within memorandum in support of Grangers' motion to determine whether certain of the claims advanced by plaintiff C.E.I., Inc., d/b/a Commercial Electric, Inc. ("CEI"), *to wit*, claims related to home office overhead, extra equipment costs, and lost profits, are subject to arbitration under the parties' subcontract, pursuant to R.I. Gen. Laws § 10-3-5.

Additionally, Granger submits this memorandum in support of its request that the Court enter an order staying the scheduled arbitration hearings in connection with the above-entitled action until such time as this Court has considered, and determined, whether certain of the claims advanced by CEI, *to wit*, claims related to home office overhead, extra equipment costs, and lost profits, may be arbitrated and/or are subject to arbitration under the parties' subcontract.

## Argument

1. Granger's motion for leave to determine whether certain issues are subject to arbitration pursuant to R.I. Gen. Laws §10-3-5

On or about June 30, 2004, CEI filed the instant action against Granger, and its surety, St. Paul Fire and Marine Company ("St. Paul"). Thereafter, on or about September 9th, Granger and St. Paul moved this Court to stay the subject proceedings pending arbitration. On October 26, 2004, the Court entered an order staying this case, pursuant to R.I. Gen. Laws §10-3-3, for a six (6) month period, and, further, required the parties to report the status of the matter to the Court on April 26, 2005.

On or about April 26th the Court conducted a status conference with the parties that resulted in the Court entering a second order staying the present case up to, and including, October 26, 2005, pending arbitration.

As a result of certain scheduling constraints occasioned by outstanding discovery issues, and/or responses due from CEI as well as CEI's counsel's trial schedule the arbitration hearings were ultimately scheduled for December 15th and 16th, and December 19th through 23rd.[1]

Notwithstanding, although the Court did not enter a third "stay" order subsequent to October 26th, the Court's prior orders effectuating a stay are presumably still in place insofar as R.I. Gen. Laws §10-3-3 provides for a stay of judicial proceedings pending arbitration as to those issues referable to arbitration, and given that the instant case has yet to be arbitrated.[2]

---

[1] In order to afford the Defendants an opportunity to seek the within requested relief, after a telephone conference with the Arbitrator on December 12th, the December 15th and 16th hearing dates have been eliminated. As such, the arbitration is now scheduled to commence on December 19th unless this Court enters an order staying the same while it considers, and determines, whether certain of CEI's claims are subject to arbitration under the terms of the parties' subcontract.

[2] It is beyond dispute that the subcontract to which the parties entered provides that Rhode Island law governs.

Thus, out of an abundance of caution, and in deference to the Court's earlier orders, Granger requests an order lifting its previously imposed stay for the limited purpose of considering, and determining, whether certain of the claims advanced by CEI, *to wit*, claims related to home office overhead, extra equipment costs, and lost profits, are subject to arbitration under the parties' subcontract.

2. Granger's motion to stay arbitration pending a determination as to whether certain issues are subject to arbitration

Under the clear and unambiguous terms of the parties' subcontract, the parties agreed as follows:

a. The Contractor [Granger] and Subcontractor [CEI] **waive** claims against each other for consequential damages arising out of or relating to this Subcontract, including without limitation any consequential damages due to either party's termination in accordance with Article 7. (Emphasis supplied.) *See* Subcontract at Art. 15.4 appended hereto as *Exhibit A*.[3]

b. The General Conditions further defines consequential damages as damages for "rental expenses, for losses of use, income, **profit**, financing, business and reputation, and for loss of management or employee productivity or of the services of such persons"; and "damages incurred by the subcontractor for **principal [home] office expenses** including the compensation of personnel stationed there, for losses of financing, business and reputation, and for loss of profit except anticipated profit arising directly from the Work."[4] (Emphasis supplied.) *See* AIA Document A201, General Conditions of the Contract for Construction ("General Conditions") at §4.3.10 appended hereto as *Exhibit B*.

c. The Subcontractor is responsible for all supervision, layout, staging, hoisting, **equipment**, etc., required to effectuate this subcontractor's work. (Emphasis supplied.) *See* Subcontract Rider at ¶4.

---

[3] "Waiver is the voluntary, intentional relinquishment of a known right." *Violet v. Travelers Exp. Co., Inc.*, 502 A.2d 347, 349 (R.I. 1985) (quoting *Haxton's of Riverside, Inc. v. Windmill Realty, Inc.*, 488 A.2d 723, 725 (R.I. 1985)). Thus, when a party waives their right to make a claim, the waiver precludes them from asserting that right in the future.

[4] In this instance, the "Work" is allegedly governed extra work in which there is contractually profit and overhead margin which is established in increments of 10%, 7.5% and 5%, respectively. Surprisingly, CEI has also made a claim for this contractually governed return, which is a judicial admission that CEI is not entitled to any further profit. *See Crafford Precision Pdocuts Co. v. Equilaser, Inc.*, 850 A.2d 958 (R.I. 2004); *DiLuglio v. Providence Auto Body, Inc.*, 755 A.2d 757 (R.I. 2000); *Martin v. Lilly*, 505 A.2d 1156 (R.I. 1998).

Notwithstanding, CEI advanced claims for lost profits in the amount of $333,726.00, home office overhead in the amount $143,159.00, and extra equipment costs in the amount of $67,860.00, in direct contradiction of the above-terms of the parties' subcontract[5].

On or about November 14, 2005, Granger filed a motion for summary disposition as to these three (3) distinct CEI claims, and submitted the same to the Arbitrator for determination. *See* Granger's Motion for Summary Disposition (without exhibits) appended hereto as *Exhibit C.* Subsequently, the parties conducted a telephone conference in order to establish a schedule for the filing of CEI's objection, if any, to the subject motion, as well as for the Arbitrator to render a decision regarding the same in advance of the scheduled start of the arbitration hearings.

Notwithstanding that Granger's motion was based in whole upon the parties' subcontract, CEI maintained that it needed approximately three (3) weeks, or up to, and including, December 7th within which to respond to the same. Accordingly, the Arbitrator ordered that CEI's objection be submitted by no later than December 7th, and, further, indicated that he would pass upon the motion for summary disposition on Friday, December 9th.

At approximately 6:30 a.m., December 8th, CEI submitted its opposition to the motion for summary disposition. In its papers CEI wholly failed to object or otherwise respond to Granger's position regarding CEI's claim for home office overhead. Further, CEI made only a passing mention as to Granger's arguments relative to extra equipment costs. Thus, as a matter of law, insofar as CEI advanced no opposition as to these two (2) issues, Granger's motion for

---

[5] The Court should take notice that on June 8, 2004, CEI advanced its initial or original so-called "claims summary". The June 8th "claims summary" identified particular claims for lost profits ($131,263.00), home office overhead ($80,280.00), and extra equipment costs ($61,975.00). Thereafter, in October, 2005, CEI revised its "claims summary" two (2) more times. Finally, on November 17, 2005, CEI submitted its fourth revised "claims summary", which still included claims for lost profits ($333, 726.00), home office overhead ($143,159.00), and extra equipment costs ($67,860.00). Inexplicably, and notwithstanding the terms of the parties' subcontract, CEI's claims relative to lost profits, home office overhead, and extra equipments costs increased significantly.

summary disposition should have been granted immediately as to home office overhead and extra equipment costs. Primarily, CEI committed the focus of its objection to opposing Granger's position regarding lost profits.

Notwithstanding the shortcomings of CEI's opposition papers, on December 9th the Arbitrator took the position that he could not decide Granger's motion for summary disposition on the merits in light o the contract documents.

Simply put, CEI's claims for home office overhead, extra equipment costs and lost profits are precluded under the subject subcontract, and, thus, not subject to arbitration.

R.I. Gen. Laws §10-3-5 provides, in pertinent part:

> **10-3-5. Determination as to whether issue is subject to arbitration. –** If the making of the arbitration agreement or the failure, neglect, or refusal to perform the arbitration agreement is in issue, the court shall proceed summarily to the trial thereof. If no jury trial is demanded, the court shall hear and determine the issue.

The parties to the subcontract - Granger and CEI - did not agree or otherwise "sign on" to arbitrate any claims relative to home office overhead, extra equipment costs, and/or lost profits beyond the contractually governed increments. In fact, the same were expressly waived and excepted from any such arbitration proceeding.

As required, in the first instance, Granger moved the Arbitrator to exclude the same from arbitration. *See MCI Telecommunications Corp. v. Exalon Industries, Inc.*, 138 F.3d 426 (1st Cir. 1998). The Arbitrator expressed an inability to decide the issue on the merits, and, thus, declined to do so. As such, in advance of proceeding to arbitration, this Court must now consider this issue, and determine the same. *Id.*

It is well-settled that the submission of disputes to arbitration is totally dependent on the private will of the parties as embodied in whatever contract they may have entered into. *MCI*

*Telecommunications Corp. v. Exalon Industries, Inc.*, 138 F. 3d 426, 428 (1st Cir. 1998). *See also*, *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) ("Arbitration is simply a matter of contract between the parties; it is a way to resolve those disputes - but only those disputes - that the parties have agreed to submit to arbitration.").

The duty to arbitrate a dispute arises only when a party agrees to arbitration in ***clear and unequivocal language***, and even then, the parties are ***only*** obligated to arbitrate issues that it ***explicitly agreed*** to arbitrate. *See Department of Correction v. Rhode Island Brotherhood of Correctional Officers*, 866 A.2d 1241, 1247 (R.I. 2005), citing *Bush v. Nationwide Mut. Inc. Co.*, 448 A.2d 782, 784 (R.I. 1982).

Accordingly, this Court must now consider, and determine, in advance of the commencement of any arbitration proceedings as to whether the parties consented or otherwise agreed to include claims for home office overhead, extra equipment costs and/or lost profits beyond the contractually governed increments within the scope of arbitrability under the terms and conditions of the parties' subcontract.

WHEREFORE, for the foregoing reasons, Granger respectfully prays that this Court grant leave in order to determine whether certain issues are subject to arbitration, that this Court consider, and determine, whether certain issues, *to wit*, home officer overhead, extra equipment costs or lost profits beyond the contractually governed increments, are subject to arbitration, and that this Court award to Granger such other further relief as this Court may deem fair, just and reasonable.

R.W. Granger & Sons, Inc.

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778

Dated: December 13, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within was served via facsimile and via first-class, postage prepaid mail upon the following on this 13th day of December, 2005:

**Charles S. Kirwan, Esq.**
Charles S. Kirwan & Associates
204 King Phillip Street
Providence, RI 02909-5751